# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff,<br>　vs.<br>CARLOS ULISES LOBO,<br><br>　　　　　　　　　　Defendant. | CASE NO. 08CR4127WQH<br>CASE NO. 11CV2473WQH<br><br>ORDER |

HAYES, Judge:

The matters before the Court are the Motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody and the Motion for Appointment of Counsel under 18 U.S.C. § 3006A filed by Defendant, Carlos U. Lobos. (ECF Nos. 69, 74). Defendant moves the court to vacate his conviction and grant a new trial. Defendant contends he received ineffective assistance of counsel on the following grounds:

1. Counsel failed to familiarize himself with the law regarding official restraint and move to dismiss the case or challenge the sufficiency of the evidence because defendant was not found in the United States since he was under official restraint;
2. Counsel failed to investigate regarding a duress defense and adequately advise Defendant to testify on his own behalf regarding the duress defense;
3. Counsel failed to pursue plea negotiations; and
4. Defendant's appellate counsel was ineffective for failing to raise the issues he raises in the instant motion regarding his trial counsel's representation.

Defendant moves the court to appoint counsel. Defendant contends he is "indigent . . . untrained, unskilled, and unlearn[ed] in the United States justice system . . . and understands very little English." (ECF No. 74 at 1).

## APPLICABLE LAW

28 U.S.C. §2255 provides that "A prisoner under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."

## RULING OF THE COURT

### A. Ineffective Assistance of Counsel

In order to prevail on a claim of ineffective assistance of counsel, Petitioner must show that representation of counsel fell below an objective standard of reasonableness, and that any deficiencies in counsel's performance were prejudicial. *See Strickland v. Washington*, 466 U.S. 668, 690 (1984). Both deficient performance and prejudice are required before it can be said that a conviction or sentence resulted from a breakdown in the adversary process that rendered the result of the proceeding unreliable and thus in violation of the Sixth Amendment. *See United States v. Thomas*, 417 F.3d 1053, 1056 (9th Cir. 2005).

In order to show that counsel's representations fell below an objective standard of reasonableness, Defendant must identify "material, specific errors and omissions that fall outside the wide range of professionally competent assistance." *United States v. Molina*, 934 F.2d 1440, 1447 (9th Cir. 1991) (citation omitted). The inquiry is "whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Turner v. Calderon*, 281 F.3d 851, 879 (9th Cir. 2002) (internal quotations omitted). In making this determination, the court applies a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance...." *Strickland*, 466 U.S. at 689. "The Sixth Amendment recognizes the right to assistance of counsel because it envisions counsel's

1  playing a role that is critical to the ability of the adversarial system to produce just results."
2  *Id*. at 685. A deficient performance requires showing that "counsel made errors so serious that
3  counsel was not functioning as 'counsel' guaranteed by the Sixth Amendment." *Id*. at 687.
4  "The standard for prejudice is a reasonable probability that but for counsel's error the result
5  would have been different." *Bragg v. Galaza*, 242 F.3d 1082, 1089 (9th Cir. 2001). The
6  "likelihood of a different result must be substantial, not just conceivable." *Harrington v.*
7  *Richter*, 131 S. Ct. 770, 792 (2011).

**Official Restraint**

9  Defendant asserts that his counsel failed to familiarize himself with the laws
10 surrounding his case, specifically the doctrine of official restraint. Defendant contends that
11 counsel's subsequent failure to move for a dismissal of the indictment on the grounds of
12 official restraint deprived Defendant of his Sixth Amendment right to effective counsel. (ECF
13 No. 69 at 4-5). Defendant states, "No testimony presented at trial demonstrates that
14 [Defendant] ever was free from official restraint.*" Id.* at 5.

15 Official restraint is a legal concept where "an alien who is on United States soil, but
16 who is 'deprived of [his] liberty and prevented from going at large within the United States,'
17 remains under official restraint and therefore has not entered the country for the purposes of
18 § 1326." *United States v. Lombera-Valdovinos*, 429 F.3d 927, 929 (9th Cir. 2005) (quoting
19 *United States v. Pacheco-Medina*, 212 F.3d 1162, 1164 (9th Cir. 2000). "An alien who crosses
20 the border at a designated location and proceeds directly in the manner designated by the
21 government to the border station where he then presents himself to the authorities has not been
22 'found in' the United States for the purposes of 8 U.S.C. § 1326(a)." *United States v. Zavala-*
23 *Mendez*, 411 F.3d 1116, 1121 (9th Cir. 2005). The government bears the burden of proof to
24 demonstrate that an alien was not under constant surveillance from the time he crossed the
25 border. *See United States v. Bello-Bahena*, 411 F.3d 1083, 1087 (9th Cir. 2005). However, the
26 Government is entitled to reasonable inferences from evidence in the record and need not
27 disprove every possible theory of official restraint. *See United States v. Castellanos-Garcia*,
28 270 F.3d 773, 776 (9th Cir. 2001) (sufficient evidence of lack of official restraint when

capturing agent did not see the defendant cross the border, and there was no evidence to the contrary).

In this case, law enforcement initially contacted Defendant while he was traveling as a passenger of a pickup truck at the I-8 westbound checkpoint, 40-50 miles east of downtown San Diego and 10-12 miles north of the border. (ECF No. 75, Ex. 2 ¶ 6-13). Reasonable inferences indicate Defendant was not under constant surveillance from the time he crossed the border. The Court concludes that defense counsel's failure to move to dismiss the indictment or challenge the sufficiency of the evidence on this ground did not fall below the objective standard of reasonableness required for an ineffective assistance of counsel claim. For the same reasons, Defendant was not prejudiced by counsel's failure to raise the defense of official restraint.

**Duress Defense**

Defendant contends his counsel's failure to adequately investigate a duress defense and counsel's failure to advise him of his right to testify deprived Defendant of his Sixth Amendment right to effective counsel. (ECF No. 69 at 7). Defendant contends that he should have been afforded an opportunity to tell the jury of mitigating circumstances that would excuse the commission of the offense even if the evidence did not negate his reentry into the United States. *Id.*

The Court of Appeals discussed the possibility of a duress defense by a defendant accused of being found in the United States after deportation in *United States v. Vasquez-Landaver*, 527 F.3d 798 (9th Cir. 2008). The court explained:

> A defendant must establish three elements in order to present [a duress] defense: (1) an immediate threat of death or serious bodily injury, (2) a well-grounded fear that the threat will be carried out, and (3) lack of a reasonable opportunity to escape the threatened harm. The type of duress or coercion that will excuse the commission of a criminal act must be immediate and of such nature as to induce a well-grounded apprehension of death or serious bodily injury if the act is not done. Of crucial importance in any attempt to raise duress as a defense are the elements of immediacy and opportunity to avoid the act.
>
> To establish the element of immediacy, a defendant must make a prima facie showing that the defendant completed the illegal action under a threat of immediate harm to the defendant or the

> defendant's family. Under this test, the threat to the defendant or the defendant's family must be present, immediate, or impending, such that the defendant's persecutors figuratively held a gun to his head (or to his family's heads) compelling the defendant to commit the illegal action.

*Id.* at 802 (internal citations and quotations omitted).

In his 2255 petition, Defendant attempts to offer evidence that the same people who allegedly murdered his father in Honduras also threatened Defendant's life. (ECF No. 69 at 10-12). This evidence is not sufficient to make a prima facie showing that Defendant completed the illegal action of entering the United States under a threat of *immediate* harm to his life. Defense counsel explained in a declaration:

> [w]hile [Defendant] did indicate that his father may have been the victim of a homicide in his home country, he never indicated to me that this had any impact on his decision to enter or stay in the United States. At no time, prior to trial, did [Defendant] state that he was in imminent fear of death or great bodily injury as a result of any harm inflicted on his father.

(ECF No. 75, Ex. 1 ¶ 8). Defendant does not satisfy the first element of a duress defense because he cannot establish that there was a "present, immediate, or impending" threat against him the entire time he was traveling from Honduras to the United States, including the time when he entered the United States until he was discovered at the I-8 checkpoint. Because Defendant was not entitled to a duress defense, his counsel's alleged failure to investigate and advise the Defendant to testify about the defense did not fall below the objective standard of reasonableness required for an ineffective assistance of counsel claim. For the same reasons, Defendant was not prejudiced by his counsel's failure to investigate and advise Defendant to testify about a defense of duress.

**Plea Negotiations**

Defendant contends his counsel's failure to seek a plea agreement on his behalf that could have resulted in less prison time deprived Defendant of his Sixth Amendment right to effective counsel. (ECF No. 69 at 14). While Defendant did tell the Court that he did not wish to go to trial, he also indicated he did not want to plead guilty because he felt the prison time he was facing in the plea agreements was too high as a result of his prior assault conviction. (ECF No. 79 at 4-6). The Court of Appeals concluded that Defendant's "frustration arose from

1 the inability to collaterally attack his prior state conviction." *United States v. Lobo*, 425 Fed.
2 Appx. 657, 658-59 (9th Cir. 2011).

3     In this case, Defendant's counsel stated in a declaration:

> Prior to trial I discussed, at length, plea agreements offered by the Government in his case. As part of that discussion, I detailed the applicable United States Guideline ranges and the impact of his criminal history. I further discussed with Mr. Lobo the possibility of him receiving substantially more time than the offered plea agreement should he go to trial and be convicted. In my opinion, Mr. Lobo understood the proposed plea agreement and the consequences of rejecting such plea and proceeding to trial. Mr. Lobo rejected all Government plea offers.

(ECF No. 75, Ex. 1 ¶ 7). While Defendant maintains he was willing to plead guilty rather than go to trial, the Court of Appeals and defense counsel both indicated he wanted to collaterally attack his state court judgment to reduce the imprisonment time in his plea offers. Because Defendant's counsel did pursue plea negotiations, although not acceptable offers to Defendant, his conduct did not fall below the objective standard of reasonableness required for an ineffective assistance of counsel claim. For the same reasons, Defendant was not prejudiced by his counsel's strategy in seeking a plea agreement.

### Appellate Ineffective Assistance of Counsel

As Defendant's ineffective assistance of counsel claims against his trial counsel are without merit, his appellate counsel's failure to raise these same issues on appeal did not fall below the objective standard of reasonableness required for an ineffective assistance of counsel claim.

### B. Motion for Appointment of Counsel

18 U.S.C. § 3006A(a)(2)(B) provides that "[w]henever the United States magistrate or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . (B) is seeking relief under section . . . 2255 . . . ." "The purpose of section 3006A is to provide for appointed counsel whenever required if failure to do so amounts to a denial of due process." *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). Unless an evidentiary hearing is required, appointment of counsel pursuant to 18 U.S.C. § 3006A(a)(2)(B) is in the discretion of the district court. *Terrovona v. Kincheloe*, 912 F.2d 1176,

1181-82 (9th Cir. 1990).  In deciding whether to appoint counsel, the district court "must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

The Court has reviewed the Defendant's grounds for ineffective assistance of counsel and concluded that the Defendant has not shown any facts or law to support his claims.  Defendant clearly presented the facts and articulated his claims in his Motion to vacate, set aside, or correct sentence. The Court concludes that the applicable law under *Strickland* and 28 U.S.C. § 2255 is not complex. The failure to appoint counsel at this point would not amount to a denial of due process.

IT IS HEREBY ORDERED that the Motion to vacate, set aside, or correct sentence by a person in federal custody under 28 U.S.C. § 2255 (ECF No. 69) filed by Defendant is denied.  The Motion for appointment of counsel under 18 U.S.C. § 3006A (ECF No. 74) filed by Defendant is denied.

DATED:  February 29, 2012

**WILLIAM Q. HAYES**
United States District Judge